UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

    WINSTON BRAITHWAITE

                                               Plaintiff      Case Number

          v.                                                             14-2791

                                                        **COMPLAINT**
                                                        Under the Civil Rights Act,
                                                        42 U.S.C. § 1983

NEW YORK CITY POLICE DETECTIVE JUSTINE KILLION,
Shield Number 06906
(in an individual and official capacity)

NEW YORK CITY POLICE DETECTIVE JOHN DOE
(in an individual and official capacity)

THE CITY OF NEW YORK
                                      Defendants
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

      Now come the Plaintiff, Winston Braithwaite, by and through his attorney, Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, and complaining against Defendant New York City Police Detective Justine Killion (in an individual and official capacity), New York City Police Detective John Doe, and the City of New York alleges as follows:

JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, and the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

2. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

3. Venue is placed in this District because this is where the events complained of occurred.

DEMAND FOR A TRIAL BY JURY

4. The Plaintiff demands trial br Jury on all counts in this complaint pursuant to the Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

PARTIES

5. Plaintiff Winston Braithwaite, is a citizen of the United States residing in New York City, Kings County of New York, New York.

6. Defendant New York City Police Detective Justine Killion (in an individual and official capacity), is a New York City Police Detective employed in New York City.

7. Defendant New York City Police Detective John Doe (in an individual and official capacity), is a New York City Police Detective employed in New York City.

8. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

9. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, the County of New York, and under the authority of their office as a police detective for such New York City.

FACTS

10. On or about 5 May 2011 Plaintiff Winston Braithwaite was arrested, in a public place, by New York City Police Detective Justine Killion and New York City Police Detective John Doe in New York City under Arrest Number M11639336 and charged with two counts of Identify Theft in the First Degree (N.Y. PENAL LAW § 190.80-3), and two counts of Criminal

Possession of a Forged Instrument in the Second Degree (N.Y. PENAL LAW § 170.25) in relation to two checks. The Plaintiff states that he had no knowledge of the afore-mentioned checks.

11. Defendant Justine Killion did not have an arrest warrant, the Plaintiff was not committing any crime or violating any laws or criminal offenses.

12. The afore-mentioned charges in section 11 *supra* were dismissed, and the case against the Plaintiff was sealed, on 18 October 2011.

13. Plaintiff states that he had never done business with the maker – or any agent of the maker – of the aforementioned checks, that said checks were never in Plaintiff's physical possession, that Plaintiff never forged or used the identifying information of the maker to draft any checks in violation of New York State Law of Federal Law, and that Plaintiff never authorized anyone to take any action – on Plaintiff's behalf – in reference to the afore-mentioned checks.

14. Plaintiff states that the City of New York, and the New York City Police Department, have a well settled custom or practice of arresting individuals and charging individuals with Identity Theft, and Criminal Possession of a Forged Instrument, without arguable probable cause to believe that the subject person has assumed the identity of another person, or that the subject person possessed the alleged forged instrument.

15. Plaintiff states that this well settled custom, or practice, led the New York City Police Officers in this case to believe that they could arrest the Plaintiff with arguable probable cause in that there was no evidence that the Plaintiff had assumed the identity of another person, and there was no evidence that the Plaintiff possessed the alleged forged instrument.

16. Plaintiff states that the City of New York, and the New York City Police Department, failed

to properly train or supervise the Defendant Police Officers.

17. Plaintiff states that Defendant Police Officers were not properly trained because Defendant Police Officers arrested the Plaintiff without arguable probable cause because Plaintiff never assumed the identity of another person, and Plaintiff never possessed the alleged forged instrument that were the subject of the underlying prosecution.

18. The Plaintiff states that he spent approximately three days in jail, and the Plaintiff was forced to post bail to regain some measure of liberty.

19. The Plaintiff states that he was forced to come to court approximately four times – over a four month period – in relation to the afore-mentioned arrest.

20. The Plaintiff states that the aforementioned legal proceedings had an adverse impact on Plaintiff's employment, and Plaintiff's New York State Security Guard License with the Criminal Justice Services.

21. The Plaintiff states that the above-referenced arrest impacted Plaintiff's relationship with Plaintiff's spouse and with Plaintiff's family, and Plaintiff suffered severe mental distress because of said arrest.

## COUNT ONE: FALSE ARREST

Plaintiff re-alleges paragraphs 1 through 21 as though set forth herein.

22. The Plaintiff states that he was illegally seized, searched, arrested, and falsely imprisoned in violation of the Fourth, and Fourteenth Amendment to the United States Constitution when he was arrested by Defendant Police Detective Justine Killion, and Defendant Police Detective John Doe.

23. The Plaintiff states that the Defendants did not have probable cause, or arguable probable

cause, to arrest and imprison the Plaintiff.

24. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

25. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 5 May 2011.

26. As a direct and proximate result of the wrongful conduct of the Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, and injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five hundred thousand ($500,000.00) dollars together with interest at the legal rate from the date of judgment paid;

B. That the Plaintiff be awarded punitive damages in the amount of one million dollars against the Defendant Police Officers in this case.

C. That Plaintiffs be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendant.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 26 as though set forth in full here.

27. The Plaintiff states that he was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Detective Justine Killion, and Defendant Police Detective John Doe.

28. The Plaintiff states that the Defendant did not have probable cause, or arguable probable

cause, to arrest the Plaintiff because on 5 May 2011 because no one specifically identified the Plaintiff as being a party who committed any crime or criminal offense.

29. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 5 May 2011.

30. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

31. Plaintiff states that the intentional conduct of the Defendant Police Officer "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

32. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 5 May 2011, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

33. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against

Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

34. Plaintiff re-alleges paragraphs 1 through 33 as though set forth in full here.

35. Plaintiff states that Defendant Police Detective Justine Killion, and Defendant Police Detective John Doe denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officers "shocks the conscience".

36. The Plaintiff states the Defendant New York City Police Detective Justine Killion, and Defendant Police Detective John Doe conducted a reckless investigation in that the Defendants never had any evidence that the Plaintiff had committed any crime or criminal offense. Plaintiff was never identified by anyone to the Defendant Police Officer, at the time of arrest, as having committed any crime or offense.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO THE DEFENDANT POLICE OFFICERS

37. Plaintiff re-alleges paragraphs 1 through 36 as though set forth in full here.

38. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers involved in the investigation and arrest of the Plaintiff.

39. Plaintiff states that proper training or supervision would have enabled the Defendant New York City Police Officers to understand that witnesses have to be questioned -- and evidence has to be gathered in order to determine if a crime has been committed and who may have committed the crime before making an arrest.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars to sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

40. Plaintiff re-alleges paragraphs 1 through 39 as though set forth in full here.

41. The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

42. The Plaintiff states that he was deprived of her liberty on 5 May 2011 when he was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime, and no individual had stated to any police officer that the Plaintiff had committed any crime.

43. The Plaintiff states that he was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest, and that on 18 October 2011 the charges against the Plaintiff were dismissed.

44. The Plaintiff states that there was no evidence to show that the Plaintiff had committed any crime when he was arrested by the Defendant New York City Police Officers 5 May 2011.

**WHEREFORE,** Plaintiff respectfully requests judgment against

Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

DATE:    4 May 2011
         New York, New York

*[signature]*

Lawrence P. LaBrew (LL4455)
Attorney for Plaintiff Winston Braithwaite
Law Office of Lawrence LaBrew
160 Broadway FL 6 STE 600
New York, New York 10038
Tel: (212) 385-7500